**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**RICARDO SMITH**
9211 Gwynndale Drive
 Clinton, Maryland 20735

*on behalf of himself and all
others similarly situated,*

    *Plaintiff*,

     v.

**THE WASHINGTON POST COMPANY**
1150 15th Street, NW
Washington, DC 20071

    <u>Serve</u>:  C T CORPORATION SYSTEM
             1015 15th St NW, Suite 1000
             Washington, D.C. 20005

    *Defendant.*

Civil Action No.  _____

**JURY TRIAL DEMANDED**

<u>**CLASS ACTION COMPLAINT AND JURY DEMAND**</u>

**INTRODUCTION**

    Plaintiff Ricardo Smith ("Named Plaintiff"), by and through undersigned counsel,

respectfully files this civil class action to obtain relief on behalf of himself and a class of persons

who contracted with the above-captioned Defendant, The Washington Post Company, for breach

of contract and other related causes of actions.

1.  Named Plaintiff, on behalf of himself and others similarly situated, seeks certification of this

    class action under Rule 23 of the Federal Rules of Civil Procedure.

2.  Named Plaintiff brings this action against Defendant on behalf of himself and all other

    persons who, under the relevant statutory period, distributed Defendant's *The Washington*

*Post* (hereinafter the "*Post*") newspapers under a legally binding contract.  Similarly, as explained below, Defendant entered into similar agreements with Plaintiffs to distribute additional newspapers and periodicals.

3.  Named Plaintiff and the putative class members (hereinafter collectively referred to as "Plaintiffs"), as defined below, seek monies owed to them for undelivered and returned papers for which Defendant is contractually obligated to reimburse Plaintiffs.  Defendant unilaterally attempted to change the terms of the contract with its distributors (including Plaintiffs) regarding their reimbursement for undelivered newspapers and periodicals, failing to reimburse Plaintiffs according to the terms of their contracts, and, as such, materially breached their contracts with Plaintiffs.

**PARTIES**

4.  Named Plaintiff, Mr. Ricardo Smith, currently resides at 9211 Gywnndale Drive, Clinton, Maryland 20735.

5.  Defendant The Washington Post Company maintains its principal place of business and address at 1150 15th Street, NW, Washington, DC 20071.

6.  Defendant The Washington Post Company is a publicly traded, for-profit corporation, incorporated under the laws of the state of Delaware and registered to operate as a foreign corporation within the District of Columbia.  Defendant's principal place of business is the District of Columbia, where its principal operations include newspaper and magazine printing and online publishing, television broadcasting, and cable television systems.

7.  Washington Post is the owner of the publication, *The Washington Post*, a national newspaper which is based out of Washington, D.C..

**JURISDICTION AND VENUE**

8.  Jurisdiction in this case is based upon 28 U.S.C. §§1332, as the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different states.

9.  Venue in this case is based upon 28 U.S.C. §1391(b)(1) & (2), as this judicial district is where the Defendant maintains its principal place of business and where a substantial part of the events or omissions giving rise to this claim occurred.

**FACTS**

10. Defendant contracts with self-employed individuals, including Plaintiffs, to distribute the *Post* in various geographical areas, and provides them with a route assignment to make these delivers.  The duties of these individuals are as follows.  They obtain copies of the *Post* and other periodicals from Defendant's distribution center in the District of Columbia and deliver the copies to various single copy sales outlets for individual sale by the retailers throughout the Washington D.C. area, including the suburbs.  These individuals subsequently pickup any copies of the *Post* and other periodicals that are not sold in a timely manner on their routes for return to Defendant.

11. The underlying contract between Named Plaintiff and the Defendant is a standard form contract drafted by the Defendant, and used for newspaper distributors, including other putative class members.

12. Defendant entered into agreements with Plaintiffs to distribute newspapers and publications in addition to the *Post.*  These additional newspapers include, but are not limited to, the *USA Today*, *Financial Times*, *Washington Times*, *New York Daily News*, *New York Post*, *New York Times*, *Wall Street Journal*, *Barrons*, and *Sports Weekly*.  These additional newspapers

with *The Washington Post* are collectively hereinafter referred to as the "Newspaper(s)."
Defendant orally and otherwise implicitly adopted the terms set out in the standard form
contract for *Post* distribution to govern the distribution of the other newspapers.  This
standard form contract and the parties' subsequent renewal agreements are hereinafter
referred to as the "Contract(s)."

13. Named Plaintiff was one such agent from on or about 2002 through on or about July 31,
2011, during which time he substantially performed under the Contract.

14. Upon information and belief, other putative class members substantially performed their
duties under their respective Contracts.

15. Through the Contracts, Defendant promised Plaintiffs to refund the purchase price of
Newspapers that were not sold by retailers that Plaintiffs returned "in any week."

16. However, on or about 2008, Defendant began to inaccurately record and account for
Plaintiffs' returned Newspapers.

17. The written *Post* contract specifically prohibits changes unless agreed to in writing by both
parties, which is specifically incorporated into the parties' oral contracts for the other
periodicals.  On or about 2008 through the present, however, Defendant violated the
Contracts by repeatedly and unilaterally changing the deadline by which Plaintiffs had to
return Newspapers in order to receive a credit or refund for their purchase price.

18. As a result of the above, Defendants failed to appropriately credit and/or pay Plaintiffs for
properly and timely returned Newspapers that Defendant refused to accept for return.

19. As a result of Defendant's failure to pay for properly returned Newspapers, Defendant owes
Plaintiff an amount to be determined at trial.

20. Defendant also owes the other putative class members an amount to be determined at trial.

21. Defendant, by failing to properly compensate Plaintiffs and by unilaterally changing the terms of the Contracts, has breached its contractual obligations with Plaintiff and other putative class members in additional ways which shall be proven at trial.

## CLASS ACTION ALLEGATIONS

22. Named Plaintiff brings this Complaint as a class action on behalf of all persons in the "class," which is defined as follows:

> **All persons who, since October 19, 2009 until the present, served as distributors for Defendant for its newspaper, "*The Washington Post*," and other newspapers similarly distributed.**

23. The class is so numerous that joinder of all the members is impracticable.  There are approximately sixty (60) putative class members with similar claims that currently fall within the statutory time period against Defendant.

24. The questions of law or fact at issue in Named Plaintiff's claim are common to the class, including, *inter alia*, the following:

    a. Whether Plaintiffs are entitled to declaratory relief regarding the proper interpretation of the Contracts, which are form contracts, between them and Defendant;
    b. Whether Defendant was permitted to change a material term of its Contract, the requirements for accepted returned, undelivered Newspapers;
    c. Whether Defendant paid Plaintiffs for Newspapers that were delivered in accordance with the Contract;
    d. Whether Defendant has otherwise violated or unilaterally altered its Contract(s) with Plaintiffs; and
    e. Whether Plaintiffs are entitled to injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them under the Contract(s).

25. Additionally, all members of the putative class, including Named Plaintiff, have been injured by Defendant's homogenous or similar acts or omissions thus making the claims and defenses of the Named Plaintiff typical of claims and defenses of the class.

26. Defendant has acted and refused to act on grounds generally applicable to the putative class members, including Named Plaintiff, thereby making appropriate injunctive and declaratory relief for the class as a whole.

27. Adjudication of separate claims by individual putative class members will create a risk of inconsistent or varying adjudications, especially with respect to interpretation of the Contract(s).  As such, a class action is superior to other available methods for the fair and efficient adjudication of these claims.

28. The Named Plaintiff will fairly and adequately protect the interest of the class.

**COUNT I**
**Breach of Contract**

29. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if they were fully set forth herein.

30. Plaintiff and other similarly situated putative class members had a valid form contract with Defendant to distribute Defendant's *Post*.  The terms of the *Post* contract was adopted and incorporated for purposes of distributing other periodicals.

31. During all times relevant to this Complaint, Plaintiff and other putative class members substantially performed under the Contracts.

32. Defendant breached its Contracts with Plaintiff and with other putative class members by failing to pay for returned Newspapers, or by refusing to accept the return of Newspapers, as promised under the terms of the Contracts.

33. Defendant breached its Contracts with Plaintiff and with other putative class members by failing to deal with Plaintiffs fairly and in good faith and, as a result, injured Plaintiffs' right to receive the fruits of the Contracts.

34. As a direct and proximate result of Defendant's breaches, Plaintiff and other putative class members suffered damage.

WHEREFORE, Defendant is liable to Plaintiffs for all owed monies in such amounts to be proven at trial, interest (both pre- and post-judgment), declaratory judgment imposing the proper interpretation of the Contracts, injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them under the Contracts, and any other and further relief this Court deems appropriate.

## COUNT II
## Implied Contract

35. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if they were fully set forth herein.

36. Defendant instructed Plaintiffs to distribute additional periodicals in the same manner as Plaintiffs distributed the *Post*.

37. Plaintiffs relied on Defendant's representations that the *Post* contract would govern distribution of all Newspapers.

38. Based on the Defendant's conduct and representations, both implied and expressed, oral and written, implied contracts with the same terms as the written *Post* contract is inferred to exist and govern the Plaintiffs' distribution of all periodicals other than the *Post*.

39. Plaintiffs delivered valuable services to Defendant pursuant to the parties' implied contracts.

40. Defendant acquiesced to Plaintiff distributing periodicals for Defendant under the terms of the *Post* contract.

41. During all times relevant to this Complaint, Plaintiffs substantially performed under these implied contracts.

42. Defendant breached its implied contracts with Plaintiffs by failing to pay for returned periodicals, or by refusing to accept the return of periodicals, as promised under the terms of the agreements.

43. Defendant breached its implied contracts with Plaintiffs by failing to deal with Plaintiffs fairly and in good faith and, as a result, injured Plaintiffs' right to receive the fruits of the implied contracts.

44. As a direct and proximate result of Defendant's breach, Plaintiffs suffered damage.

WHEREFORE, Defendant is liable to Plaintiffs for all owed monies in such amounts to be proven at trial, interest (both pre- and post-judgment), declaratory judgment imposing the existence of a binding implied contract governing the distribution of all Newspapers pursuant to the terms in the written standard form Contract and the proper interpretation of said contract and its applications to the distribution of other periodicals, injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them under the Contract, and any other and further relief this Court deems appropriate.

## COUNT III
### Unjust Enrichment/Promissory Estoppel

45. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if they were fully set forth herein.

46. Plaintiffs rendered valuable goods and services to Defendant in reliance of Defendant's promise to pay Plaintiffs for returned unused copies of the Newspapers.

47. Defendant accepted these goods and services, received the benefit of same, and knew that Plaintiffs expected to be paid for such goods and services, including, but not limited to,

Plaintiffs' receiving payment for returned unused Newspapers at the rate specified in the Contracts.

48. All goods and services rendered by Plaintiffs were rendered under such circumstances that Defendant knew Plaintiff expected to be paid.  On many occasions when Plaintiffs spoke to Defendant or its agents, Plaintiffs made a claim to Defendants for payment for unused returned Newspapers, and expressed that they expected to be paid for returned unused Newspapers.

49. Defendant's acceptance and continued acquiescence to the benefit it received from Plaintiffs' performance under the respective Contracts and Plaintiffs' return of unused papers make it inequitable for Defendant to retain these benefits without payment to Plaintiffs.

WHEREFORE, Defendant is liable to Plaintiffs for all owed monies in such amounts to be proven at trial, interest (both pre- and post-judgment), declaratory judgment imposing the proper interpretation of the Contract, injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them, and any other and further relief this Court deems appropriate.

**COUNT IV**
**ACCOUNTING**

50. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if they were fully set forth herein.

51. Plaintiffs request that Defendant be ordered to fully and completely account for all Newspapers that were returned (including credit for all Newspapers that were refused for return in violation of the Contracts or implied contracts), all monies that are and were due, all deductions made from such owed monies, as well as all sums due to Plaintiffs, during the relevant statutory period.

9

52. Plaintiffs request a judgment be entered against Defendant and in favor of Plaintiffs for the full amount due and owing or to become due and owing to the Plaintiffs, together with interest and the costs of this action; and

53. That this Honorable court award such further and additional relief as may be required.

WHEREFORE, Plaintiffs respectfully request an accounting as detailed above, and any other further relief this Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Named Plaintiff asks this court to:

a. Certify this matter as a class action pursuant to Federal Rules of Civil Procedure 23 for the class as defined above;

b. Enter an order for injunctive and declaratory relief as described herein;

c. Enter judgment in favor for Named Plaintiff and putative class members for damages suffered as a result of the conduct alleged herein, at an amount to be determined at trial, and legal interest;

d. Award Plaintiffs' reasonable attorneys fees and costs; including any class administration costs; and

e. Grant such other further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial in all claims so triable.

Dated: October 26, 2012

                           Respectfully submitted,

                           JOSEPH, GREENWALD & LAAKE, P.A.


                           _/s/Brian J. Markovitz_____
                           Brian J. Markovitz (D.C. Bar No. 481517)
                           Veronica D. Jackson (D.C. Bar No. 982707)
                           Joseph M. Creed*(*pro hac vice* anticipated)
                           6404 Ivy Lane, Suite 400
                           Greenbelt, Maryland 20770
                           301.220.2200 (T)
                           301.220.1214 (F)

                           *Counsel for Named Plaintiff Ricardo Smith and Putative Class Members*