UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICARDO SMITH, *on behalf of himself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 12-1746 (RCL) |
| THE WASHINGTON POST COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff [1] Ricardo Smith is a former independent newspaper distributor who had contracted with defendant Washington Post Company to deliver periodicals to retailers. He brings suit on behalf of himself and others similarly situated, alleging that defendant unilaterally changed contract terms and refused to reimburse distributors for unsold product. Compl., Oct. 26, 2012, ECF No. 1. Defendant has moved to dismiss the complaint, or alternatively strike the class action allegations and plaintiff's prayer for declaratory and injunctive relief. Def.'s Mot. to Dismiss or Strike Class Action Allegations, Dec. 21. 2012, ECF No. 8. Upon consideration of defendant's motion, the plaintiff's Opposition, Pl.'s Opp'n, Jan. 29, 2013, ECF No. 11, the defendant's Reply thereto, Def.'s Reply, Feb. 12, 2013, ECF No. 12, the record herein, and the applicable law, this Court will deny defendant's motion. The plaintiff has stated a plausible claim. Plaintiff's class action allegations are facially plausible and plaintiff should have an opportunity to move for class certification after discovery.

---

[1] While Smith intends to pursue class certification, this is still a single-plaintiff case and the Court will refer to Smith as "plaintiff" throughout.

## I. BACKGROUND

Plaintiff Ricardo Smith brings a suit on behalf of himself, and others similarly situated, against defendant Washington Post Company. Compl. ¶ 1. Smith performed services for the Washington Post Company from 2002 to July 2011. *Id.* ¶ 13. The defendant contracts with self-employed individuals to distribute the Washington Post and other newspapers along a prescribed delivery route. These independent distributors pick up copies of the periodicals from the Post's distribution center and deliver them to various local retailers for single-copy sale. The distributors pick up any unsold copies from the retailers and return them to the Washington Post Company for a refund. *Id.* ¶ 10.

Smith alleges that the newspaper distributors perform their duties pursuant to form contracts and oral agreements incorporating the terms of those written form contracts. *Id.* ¶¶ 11–12. According to Smith, the form contracts governing the distribution of the Post required the defendant "to refund the purchase price of Newspapers that were not sold by retailers that Plaintiffs returned 'in any week,'" *id.* ¶ 15, and "specifically prohibit[ed] changes unless agreed to in writing by both parties," *id.* ¶ 17. Smith and other distributors delivered newspapers other than the Post through oral agreements that "adopted the terms set out in the standard form contract for Post distribution to govern the distribution of other newspapers." *Id.* ¶ 12.

According to the complaint the Washington Post Company, beginning in 2008, "began to inaccurately record and account for Plaintiffs' returned Newspapers." *Id.* ¶ 16. Smith alleges that the defendant violated the written and oral contracts "by repeatedly and unilaterally changing the deadline by which Plaintiffs had to return Newspapers in order to receive a credit or refund for their purchase price." *Id.* ¶ 17. As a result, Smith alleges, "Defendants failed to appropriately credit and/or pay Plaintiffs for properly and timely returned Newspapers,"

breached contractual obligations with Smith and putative class members, and owes an amount to be determined at trial. *Id*. ¶¶ 18–20.

Smith brought a four-count class action complaint on October 26, 2012. In Count I, "Breach of Contract," *id*. ¶¶ 29–34, Smith alleges that the defendant breached its written agreements to distribute the Washington Post with Smith and other putative class members by "failing to pay for returned Newspapers, or by refusing to accept the return of Newspapers, promised under the terms of the Contracts," *id*. ¶ 32, and failing to negotiate in good faith, *id*. ¶ 33. Under this Count, plaintiff requests compensatory damages, "declaratory judgment imposing the proper interpretation of the Contracts, injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them under the Contracts, and any other and further relief this Court deems appropriate." *Id*. ¶ 34. In Count II, "Implied Contract," *id*. ¶¶ 35–44, Smith alleges that defendant breached its oral agreements to distribute other periodicals in the same way as it breached its written contracts, and—with the addition of asking for a declaration that a binding implied agreement exists between the parties—asks for the same relief as Count I. In Count III, "Unjust Enrichment/Promissory Estoppel," *id*. ¶¶ 45–49, Smith alleges that the "Plaintiffs rendered valuable goods and services to Defendant in reliance of Defendant's promise to pay Plaintiffs for returned unused copies of the Newspapers," *id*. ¶ 46, and relied to their detriment on the defendant's promise to reimburse the purchase price of returned newspapers. In this Count, plaintiff requests compensatory, declaratory, and injunctive relief. *Id*. ¶ 49. In Count IV, "Accounting," *id*. ¶¶ 50–52, Smith requests that the defendant "be ordered to fully and completely account for all Newspapers that were returned (including credit for all Newspapers that were refused for return in violation of the Contracts or implied contracts), all

monies that are and were due, all deductions made from such owed monies, as well as all sums due to Plaintiffs, during the relevant statutory period." *Id*. ¶ 51.

The complaint defines the potential class as: "All persons who, since October 19, 2009 until the present, serve as distributors for Defendant and its newspaper, '*The Washington Post*,' and other newspapers similarly distributed." *Id*. ¶ 22. Smith claims there are approximately sixty putative class members and the "class is so numerous that joinder of all the members is impracticable." *Id*. ¶ 23. Smith lists the common issues of law or fact as including, *inter alia*:

  a. Whether Plaintiffs are entitled to declaratory relief regarding the proper interpretation of the Contracts, which are form contracts, between them and Defendant;
  b. Whether Defendant was permitted to change a material term of its Contract, the requirements for accepted returned, undelivered Newspapers;
  c. Whether Defendant paid Plaintiffs for Newspapers that were delivered in accordance with the Contract;
  d. Whether Defendant has otherwise violated or unilaterally altered its Contract(s) with Plaintiffs; and
  e. Whether Plaintiffs are entitled to injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them under the Contract(s).

*Id*. ¶ 24. Smith alleges that the defendant has injured the putative class by homogenous or similar acts or omissions, and has acted and refused to act on grounds generally applicable to the class. *Id*. ¶¶ 25–26. Smith claims adjudication of separate claims carries the risk of inconsistent or varying adjudications and a class action is superior to other available methods. Smith states that he will fairly and adequately protect the interests of the class. *Id*. ¶¶ 27–28.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the

4

pleader is entitled to relief." FED. R. CIV. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). "Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51 (D.D.C. 2010) (*quoting Twombly*, 550 U.S. at 555).

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, a court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id*. In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility." *Uzlyan*, 706 F. Supp. 2d at 51 (*citing Iqbal*, 556 U.S. at 667). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 667.

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). While "the decision of whether to strike all or part of a pleading

rests within the sound discretion of the Court," *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012), "striking portions of a pleading is a drastic remedy, and motions to strike are disfavored," *Uzlyan*, 706 F. Supp. 2d at 51. "The rule does not by its terms require the striking of matters that are prejudicial. Yet, because courts view motions to strike with such disfavor, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous." *Nwachukwu v. Karl*, 216 F.R.D. 176, 178 (D.D.C. 2003). *See also Wiggins v. Phillip Morris, Inc.*, 853 F. Supp. 457, 458 (D.D.C. 1994). "Thus, absent a strong reason for so doing, courts will generally not tamper with pleadings." *Nwachukwu*, 216 F.R.D. at 178 (internal quotation marks and citation omitted).

The proponent of a motion to strike "must carry a 'formidable burden.'" *Act Now to Stop War and End Racism Coal. v. District of Columbia*, 286 F.R.D. 117, 125 (D.D.C. 2012) (*quoting Judicial Watch v. Dep't of Commerce*, 224 F.R.D. 261, 264 (D.D.C. 2004)). Courts in this circuit strongly favor resolution of disputes on their merits, *see English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004), and parties should not use Rule 12(f) to test the legal sufficiency or merits of a claim.

## III. DISCUSSION

Defendant asks the Court to dismiss plaintiff's complaint with prejudice, or in the alternative to strike the class allegations and prayer for injunctive and declaratory relief from the complaint. Defendant argues that Smith's claims are time-barred, that he fails to state claims for breach of contract or breach of implied contract, and that he lacks standing to seek injunctive or declaratory relief. Based on the well-pleaded facts in Smith's complaint, and giving Smith the benefit of all reasonable inferences, Smith has sufficiently stated a plausible claim for relief.

Defendant's request to strike the class allegations is also premature. While some courts in other circuits have used Rule 12(f) to strike facially implausible class allegations, courts in this circuit strongly disfavor motions to strike and Smith's class allegations are not facially implausible. Smith should have the opportunity to move for class certification after a period of discovery. This Court will deny defendant's motion to dismiss or to strike, and order the parties to meet and confer on a schedule for further proceedings in this matter.

### A.   Defendant's Motion to Dismiss Plaintiff's Complaint

Defendant's motion to dismiss focuses on the first two counts of the complaint—breach of contract and breach of implied contract. The Washington Post Company claims that if those two counts fall, the plaintiff's other counts—for promissory estoppel and accounting—cannot stand. *See* Def.'s Mot. Dismiss 3 n.2, 8–9. Smith's complaint satisfies the notice pleading requirements and adequately states claims for relief. Defendant's arguments are premature, and not availing at this stage of the case.

#### 1.   *Defendant Argues that Plaintiff's Claims are Untimely*

First, the defendant argues that this Court should dismiss plaintiff's claims because they are untimely. Def.'s Mot. Dismiss 2–4. Defendant's basic argument is as follows: Plaintiff filed suit on October 26, 2012. *See* Compl. Plaintiff alleges that defendant's injurious conduct began "on or before 2008." *Id.* ¶¶ 16–17. All of plaintiff's claims are subject to a three-year statute of limitations. *See* D.C. CODE § 12-301(7) (three-year period to bring action which accrues "on a simple contract, express or implied"); D.C. CODE § 12-301(8) (three-year period to bring an action "for which is not otherwise specifically prescribed"). Under D.C. law, the limitation period begins to run on a breach of contract claim at the time of the breach, *Medhin v. Hailu*, 26 A.3d 307, 310–11 (D.C. 2011), and begins to run on an unjust enrichment claim "upon the

7

occurrence of the wrongful act giving rise to a duty of restitution," *News World Commc'ns v. Thompsen*, 878 A.2d 1218, 1221 (D.C. 2005). Plaintiff's claims accrued in 2008, more than three years before Smith brought suit; thus, his claims are untimely and should be dismissed.

According to Smith's complaint, "on or about 2008 through the present" the defendant allegedly "chang[ed] the deadline by which Plaintiffs had to return Newspapers in order to receive a credit or refund," and thus "failed to appropriately credit and/or pay Plaintiffs for properly and timely returned Newspapers that Defendant refused to accept for return." Compl. ¶¶ 17–18. Defendant argues that Smith is not saved by his allegation that the defendant's conduct occurred "through the present." *Id*. at ¶ 17. As defendant states: "The Post would have only broken its [alleged promise not to change the contract without written consent] once – on or about 2008, when The Post first changed the deadline; any and all subsequent changes to the deadline would not be changes to a contractual term and, therefore, would not be prohibited under the contract." Def.'s Mot. Dismiss 3–4 (*citing Jones v. Howard Univ*., 574 A.2d 1343, 1346 (D.C. 1990) ("The mere failing to right a wrong…cannot be a continuing wrong which tolls the statute of limitations.")).

Reliance on a statute of limitations is an affirmative defense. *See*, *e.g.*, *Harris v. Sec'y, U.S. Dep't of Veterans Aff's*, 126 F.3d 339, 343 (D.C. Cir. 1997); *Feldman v. Gogos*, 628 A.2d 103, 104–05 (D.C. 1993). Courts in this circuit have "repeatedly held" that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). "[B]ecause statute of limitations issues often depend on contested issues of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Id*. "[T]he court should grant a motion to

8

dismiss only if the complaint on its face is conclusively time-barred." *DePippo v. Chertoff*, 453 F. Supp. 2d 30, 33 (D.D.C. 2006).

It is not clear from the face of Smith's complaint that his claims are time-barred. While Smith alleges that defendant's conduct began in 2008—more than three years before he filed suit—he also alleges that defendant's conduct in unilaterally changing the contract terms and denying reimbursements continued through the present. *See* Compl. ¶¶ 17–18. Deriving all reasonable inferences in favor of plaintiff, Smith may allege that defendant breached contract terms and wrongfully withheld payments on several, distinct occasions in the three years leading up to the complaint. *Cf. Union Labor Life Ins. Co. v. Sheet Metal Workers Nat. Health Plan*, Civ. No. 90-2728(RCL), 1991 WL 212232 (D.D.C. Sept. 30, 1991) (Lamberth, J.) ("[W]rongful acts or breaches of duty which occur in distinct intervals or installments, as opposed to being continuous, cause distinct and severable injuries. Consequently, each breach gives rise to new and separate cause of action and the statutes of limitations in both jurisdictions run separately for each."). It is not clear from the face of the complaint that Smith's claims are time-barred. To the extent some of his claims may be untimely, this presents fact-sensitive questions not appropriate for resolution at this stage.

### 2. *Defendant Argues that Plaintiff Fails to State a Claim for Breach of Contract*

Second, the defendant argues that Smith has failed to state a claim for breach of contract. Defendant claims that Smith's complaint fails notice pleading standards by not adequately identifying the contracts or promises at issue. Def.'s Mot. Dismiss 4–7. Smith's complaint references the form contracts he and putative class members entered into which governed the distribution of the Washington Post and other newspapers. Compl. ¶¶ 10–12. Smith alleges that the contracts promised "to refund the purchase price of Newspapers that were not sold by

retailers that Plaintiffs returned 'in any week,'" *id*. at ¶ 15, and "specifically prohibit[ed] changes unless agreed to in writing by both parties," *id*. at ¶ 17. Nevertheless, Smith did not attach any such contract to his complaint, nor did he extensively quote from the contractual terms governed refunds for returned product or changes to the agreement.

Defendant argues that "courts routinely dismiss breach of contract claims at the pleading stage when the plaintiff does not adequately the contract or the terms that were allegedly breached." Def.'s Mot. Dismiss 5 (*citing Stevens v. Sodexo Inc*., 846 F. Supp. 2d 119, 125 (D.D.C. 2012) (dismissing breach of contract claim where plaintiff "fail[ed] to identify any written [] agreement" or "indicate what any of the specific terms of that alleged contract might have been"); *Metro Life Ins. Co. v. Barbour*, 555 F. Supp. 2d 91, 99 (D.D.C. 2008) ("Identification of a contract is an essential element of any claim for…breach of contract.")). As a part of this argument, defendant relies heavily on *Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518 (6th Cir. 2012)—an out-of-circuit opinion not selected for publication in the Federal Reporter. In *Northampton*, the Sixth Circuit upheld the dismissal of a breach of contract action where the plaintiff "did not attach any contracts to its complaint and did not include the language of any specific contractual provisions that had been breached by the" defendant. *Id*. at 521. Plaintiff "was required to allege facts sufficient to make its breach-of-contract claim plausible on its face, and without the contracts or reference to specific language, [plaintiff] has failed to put forth a plausible claim for relief." *Id*. at 522.

Smith has adequately identified the contracts and terms at issue and states a plausible claim for relief for breach of contract. Despite what defendant suggests, there is no requirement that a plaintiff attach a copy of the underlying contract to his complaint. *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 10.05[4] (3d. ed. 1999) ("Contract claim will not

10

be dismissed for failure to attach the contract to the complaint."). Federal Rule of Civil Procedure 10(c), which allows a party to attach a "written instrument" to a pleading, "is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327 (3d ed. 2005).

This case is not like those cited by defendant, where there were only "naked assertion[s], devoid of further factual enhancement," that a contract existed between the parties. *Sodexo*, 846 F. Supp. 2d at 125. Smith has not failed to "identify any written [ ] agreement" or "indicate what if any of the specific terms of that alleged contract might have been." *Id*. Smith has explained, with enough specificity, which written agreements and contractual terms are at issue. Smith has identified the relevant contracts as the form contracts and extensions thereof, entered into from 2008 through the present, governing the relationship between the Washington Post Company and its contract newspaper distributors. Compl. ¶¶ 10–12. Smith has identified the terms at issue as (1) the defendant's promise to refund the purchase price of unsold newspapers that distributors returned "in any week," *id*. at ¶ 15; (2) the deadline for distributors to return newspapers in order to receive such a credit or refund, *id* at ¶ 17; and (3) the written contracts' specific prohibition on unilateral changes to the agreement, *id*.

Breach of contract claims not involving allegations of fraud or mistake may be pled generally and are not subject to a heightened pleading standard. *Cf*. FED. R. CIV. P. 9(b); *Jefferson v. Collins*, 905 F. Supp. 2d 269, 278 (D.D.C. 2012) (applying notice pleading standards to breach of contract claim). While *Twombly* and *Iqbal* have supplanted the more liberal pleading standard of *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *Twombly* and *Iqbal* also emphasized that the Supreme Court was construing Federal Rule of Civil Procedure 8. *Iqbal*,

556 U.S. at 684; *Twombly*, 550 U.S. at 555–56 & n.3. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As stated in *Twombly*, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is remote and unlikely." 550 U.S. at 556 (internal quotation marks omitted). The complaint in this case meets the requirements of *Twombly* and *Iqbal*, and states a plausible claim for relief for breach of contract.

### 3. *Defendant Argues that Plaintiff Fails to State a Claim for Breach of Implied Contract*

Third, defendant argues that plaintiff has failed to state a claim for breach of implied contract. Defendant argues that plaintiff's breach of implied contract claim is not adequately pled and that it is barred by the statute of frauds. Def.'s Mot. Dismiss 8–9. Smith has adequately pled this claim. In paragraph 12 of the complaint, Smith alleges that defendant entered into oral agreements with plaintiff and other putative class members to distribute other newspapers on the same terms as the written form contracts to distribute the Washington Post. Compl. ¶ 12. Thus, Smith's implied contract claim derives from many of the same facts as his breach of contract claim, which this Court found to be adequately pled. Smith has provided sufficient factual allegations to statue a plausible claim for breach of implied contract.

Defendant's statute of frauds argument is meritless. The D.C. statute of frauds states: "An action may not be brought…upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing." D.C. CODE § 28-3502 (2012). Defendant argues that since plaintiff and putative class members worked under these implied contracts for over a year, the statute of frauds bars these claims. Def.'s Mot. Dismiss 9. This ignores the mountain of cases that unequivocally hold that the statute only reaches unwritten agreements that are

*impossible* to perform within a year. *See*, *e.g.*, *Snyder v. Hillegeist*, 246 F.2d 649, 651 (D.C. Cir. 1957) ("Decided cases and authorities too numerous to cite and too well known for discussion have held that an agreement which is capable, possible or susceptible of performance within one year is not within the reach of that statute.").

Simply because performance takes more than a year, or an agreement persists for more than a year, does not make the statute of frauds applicable. *See*, *e.g.*, *id*. at 650–51. Nothing in the complaint suggests that the oral contracts created a relationship for a "stated, definite term of years exceeding one year." *Hodge v. Evans Financial Corp.*, 823 F.2d 559, 563 (D.C. Cir. 1987) (*citing Prouty v. National R.R. Passenger Corp.*, 572 F. Supp. 200, 204 (D.D.C. 1983); *Gebhard v. GAF Corp.*, 59 F.R.D. 504, 506 (D.D.C. 1973)). "[A]n indefinite oral partnership agreement does not fall within the statute." *Hodge*, 823 F.2d at 563. As nothing in the complaint suggests that the oral agreements could not be completed within one year, or otherwise created fixed terms of employment or partnership lasting more than one year, defendant's statute of frauds argument is meritless and must fail.

### B. Defendant's Motion to Strike Plaintiff's Prayer for Injunctive and Declaratory Relief

Defendant asks the Court to strike the plaintiff's requests for injunctive and declaratory relief. Smith's complaint demands "declaratory judgment imposing the proper interpretation of the Contracts," Compl. ¶¶ 34, 49, and "declaratory judgment imposing the existence of a binding implied contract governing the distribution of all Newspapers pursuant to the terms in the written standard form Contract and the proper interpretation of said contract and its applications to the distribution of other periodicals," *id*. ¶ 44. Smith's complaint demands "injunctive relief requiring Defendant to convey to the class the rights, privileges, and benefits owed to them." *Id*. ¶¶ 34, 44, 49. Defendant argues that since Smith has not performed any services for the

defendant since July 31, 2011, *see id*. ¶ 13, he does not have standing to pursue any forward-looking declaratory or injunctive relief, *see* Def.'s Mot. Dismiss 9–11. It is not clear from the face of Smith's complaint that he lacks standing to pursue injunctive and declaratory relief.

Defendant argues that a "plaintiff seeking injunctive or declaratory relief cannot establish standing based solely on past injuries." *Id*. at 10 (*citing In re Navy Chaplaincy*, 697 F.3d 1171, 1175 (D.C. Cir. 2012)). "Instead, the plaintiff must show that 'he is suffering an ongoing injury or faces an immediate threat of injury.'" *Id*. (*quoting Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011)). Defendant states that "former employees do not have standing to pursue injunctive or declaratory relief against their former employer because they no longer are in a position to be injured by the company's actions." *Id*. (*citing*, *inter alia*, *Brown v. Cnty. of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008)). Without clearly saying that Smith is a former "employee" of the Washington Post Company, the defendant cites cases regarding former employers to argue that Smith lacks standing to request declaratory and injunctive relief. *Id*. at 10–11 (*discussing Beal v. Lifetouch, Inc*., Civ. No. 10-8454(JST), 2012 WL 3705171 (C.D. Cal. Aug. 27, 2012)).

Defendant's standing argument misses the mark. Defendant's cited authority concerns the standing of former employees to request injunctive and declaratory relief. Nowhere in Smith's complaint does he claim to be a former "employee" of the Washington Post Company. Smith's claims are rooted in contract—expressed and implied—and do not allege that a formal "employer–employee" relationship existed between the parties. Parties to a contract may request a declaratory judgment stating whether a valid contract exists and, if so, what its provisions mean. Injunctive relief is "traditionally available in suits for breach of contract." *Barnes v. Gorman*, 536 U.S. 181, 187 (2002). At this stage, it appears that Smith has standing to request injunctive and declaratory relief.

14

### C. Defendant's Motion to Strike the Class Allegations in the complaint

Defendant asks this Court to strike the plaintiff's class allegations. Defendant argues that plaintiff's class allegations fail to comply with the Local Rules and are substantively untenable. Def.'s Mot. Dismiss 11–17. Defendant's procedural argument values technical compliance over the merits, and its substantive argument is premature. Two fundamental principles inform this Court's approach. First, a motion to strike is a disfavored, drastic remedy, *Uzlyan*, 706 F. Supp. 2d at 51, and courts favor an adjudication on the merits, *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 8–9 (D.D.C. 2004). Second, courts rarely grant motions to dismiss or strike class allegations before there is a chance for discovery. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[C]ourts...have made clear that 'dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'") (*quoting Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, *4 (D.N.J. 2006) (internal citations omitted)); 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1785.3 (3d ed. 2005) ("[C]ourts frequently have ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis."). Following these principles, this Court will deny the defendant's motion to strike the class allegations.

First, the defendant states that this Court should strike the class allegations because "Plaintiff's Complaint does not comply with the Local Rules of Civil Procedure in that Plaintiff does not identify the subsection of Rule 23 under which he will seek class certification." Def.'s Mot. Dismiss 11–12 (*citing* LCvR 23.1(a)(1) (requiring class action complaints to "reference [ ]

the portion or portions of Rule 23...under which the suit is claimed properly to be maintainable as a class action")). While the complaint does not state, chapter and verse, the applicable Rule 23 subdivisions (i.e., "Rule 23(b)(2) is the basis for maintaining this as a class action"), it describes with enough specificity the grounds for maintaining the action as a class action. The plaintiff states, in his opposition brief, that paragraph 26 of the complaint alleges application of Rule 23(b)(2) as a basis for maintaining a class, and paragraph 27 alleges application of Rule 23(b)(1). Pl.'s Opp'n 18. This Court is not sure that Local Rule 23.1(a)(1) requires a specific reference, in the complaint, to the relevant subdivision of Rule 23. *See Shallal v. Gates*, 252 F.R.D. 2, 7 n.7 (D.D.C. 2008) (Under the Local Rules, "[a]ppropriate allegations that would justify a class action include but are not limited to (i) the approximate size and definition of the alleged class; (ii) the basis upon which plaintiff is an adequate representative of the class; (iii) the alleged questions of fact claimed to be common to the class; and (iv) in an action maintained under Rule 23(b)(3), allegations required by that rule."). Regardless, courts should favor "deciding cases on their merits and avoiding adjudication by technicality." *Morgan v. F.A.A.*, 262 F.R.D. 5, 8 (D.D.C. 2009). Plaintiff's alleged non-compliance with Local Rule 23.1(a)(1) does not serve as a proper basis for striking Smith's class allegations.

Second, the defendant substantively attacks plaintiff's class allegations—claiming that they "are untenable under any theory." Def.'s Mot. Dismiss 12. Defendant says that the complaint does not present common questions appropriate for class certification, *id*. at 12–15, and plaintiff's claims for monetary relief would require individualized determinations precluding class-wide adjudication, *id*. at 15–17. This Court is hesitant to delve deep into the merits of the plaintiff's class allegations. There has been no discovery whatsoever in this matter. The Court should not "'litigate prematurely the sufficiency of the complaint and the appropriateness of

class certification.'" *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 175 (D.D.C. 2009) (*quoting Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990)).

Plaintiff's complaint states a plausible claim for class-wide relief. The complaint alleges that the defendant harmed class members through similar actions subject to common proof—that the Washington Post Company had breached its form contracts with its independent distributors through homogenous conduct. *See* Compl. ¶¶ 22–49. Breach of contract actions involving form contracts may be susceptible to class-wide treatment. *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 338 (S.D.N.Y. 2010) ("Factual issues surrounding the common form contract predominate over event-specific issues[.]"); *Durrett v. John Deere Co.*, 150 F.R.D. 555, 558 (N.D. Tex. 1993) ("[T]he claims of the proposed class representatives are virtually identical to one another, as well as to claims that class members could assert, all arising out of the same form contract."); *but see Barger v. EMC Mortgage Corp.*, Civ. 10-1152(SI), 2011 WL 4712209 (N.D. Cal. Oct. 7, 2011) ("[T]he Court cannot conclude that the form contracts plaintiffs rely on will be sufficient to resolve defendants' liability on a classwide basis."). Plaintiff also brings claims for breach of implied contract and promissory estoppel. *See* Compl. ¶¶ 35–49. Plaintiff alleges that these claims are subject to common proof; as plaintiff's opposition brief shows, implied contract claims may be certified as class actions. Pl.'s Opp'n 21–22 (*citing Slapikas v. Mezzo Land Servs., LLC*, 250 F.R.D. 232, 245–46 (W.D. Pa. 2008); *In re Nigeria Charger Flights Contract Litig.*, 233 F.R.D. 297, 304–05 (E.D.N.Y. 2006); *Brown v. Pro Football, Inc.*, 145 F.R.D. 1, 5–6 (D.D.C. 1992)). It is not clear, at this point, that individualized proof of injury or damages will overwhelm common issues and preclude class certification. *Cf. In re Rail Freight Fuel Surcharge Antitrust Litig.*, __ F.3d. __, 2013 WL 4038561, *5 (D.C. Cir. Aug. 9, 2013) ("When a case turns on individualized proof of injury, separate trials are in order.").

At this stage, plaintiff has properly pled class allegations. Even if "the Court is somewhat skeptical that the facts will show that class resolution is appropriate in this case," *Oravsky v. Encompass Ins. Co.*, 804 F. Supp. 2d 228, 241 (D.N.J. 2011), it should not prematurely decide the class certification issue. A period of initial discovery will not be overly burdensome to the defendant; in order to avoid spending a "king's ransom...on discovery that may never be used," this Court could limit or bifurcate initial discovery if necessary and feasible. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. at 176 (bifurcating class discovery from merits discovery). The Court will deny defendant's alternative motion to strike the plaintiff's class allegations.

### D. The Court Will Deny Defendant's Motion and Order the Parties to Meet and Confer on Further Proceedings in this Matter

For the reasons stated above, the Court will deny the defendant's motion to dismiss and the defendant's motion in the alternative to strike. The plaintiff is entitled to some discovery before this Court considers whether to certify a class. This Court granted the parties' consent motion to hold in abeyance the deadline for plaintiff to file a motion for class certification, pending the Court's resolution of the defendant's motion to dismiss. *See* Minute Order, Dec. 21, 2012; Consent Mot. for Extension, Dec. 21, 2012, ECF No. 9. The Court will order the parties to submit proposals for further proceedings within ten (10) days of this date. In the submission, the parties should propose a period of initial discovery (deciding whether the Court should bifurcate the class discovery from the merits discovery) and a briefing schedule for plaintiff's motion for class certification.

### IV. CONCLUSION

In its motion to dismiss, the Washington Post Company has provided a thorough preview of its defense. Whether or not defendant's arguments will prevail, it is too early to rule on the

merits of Smith's complaint. Complying with the notice pleading requirements, Smith has provided a short and plain statement of his claim plausibly entitling him to relief. Smith's class allegations are facially plausible and he is entitled discovery before deciding class certification. Therefore the Court will deny the defendant's motion and order the parties to submit a proposal for further proceedings.

      A separate Order consistent with this Memorandum Opinion shall issue this date.

      Signed by Royce C. Lamberth, United States District Judge, on August 23, 2013.