**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICARDO SMITH,           )<br>                                   )<br>                                   )<br>         Plaintiff,              )<br>                                   )  Civil Action No. 1:12-cv-01746<br>                                   )<br>v.                                )<br>                                   )<br>WP Company LLC,         )<br>                                   )<br>                                   )<br>         Defendant.           )<br>_____) | |

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant WP Company LLC, by and through its undersigned counsel, hereby answers the Amended Complaint filed by Ricardo Smith as follows:

**INTRODUCTION**

1. Defendant admits that Plaintiff purports to bring this lawsuit as a Rule 23 class action. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to bring this lawsuit on behalf of himself and other persons who have or had contracts to distribute *The Washington Post* and further admits that at least some of these individuals had agreements to distribute newspapers and periodicals other than *The Washington Post*. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff purports to bring this lawsuit on behalf of others and seeks certain monies. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Company and therefore denies those allegations.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that its principal place of business is the District of Columbia and that its principal operations include newspaper printing and online publishing. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it owns and operates *The Washington Post*, a newspaper which is based out of Washington, D.C. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no responsive pleading is required.

9. The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no responsive pleading is required.

## FACTS

10. Defendant admits that it contracts with self-employed individuals to distribute *The Washington Post* in various geographic areas. Defendant admits further that some of those self-employed individuals obtain copies of *The Washington Post* and other periodicals from distribution centers and deliver those newspapers and periodicals to various single copy sales outlets for individual sale by those retail outlets throughout the Washington, D.C. area, including the suburbs. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint because it does not know which contract Plaintiff is alleging is the "underlying contract." During the period 2008 to 2011, Plaintiff entered into several contracts with Defendant. Defendant thus denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits only that it contracted with Plaintiff Smith and other individuals to distribute *The Washington Post* and other newspapers and publications. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff Smith was a single copy distribution agent for *The Washington Post* between 2002 and July 30, 2011. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits only that it has or had contracts with Plaintiff Smith and other single copy distribution agents which contained a provision which stated that "The Company will credit the Agent for all unsold copies returned to the Company in any week." Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits only that it has or had contracts with Plaintiff Smith and other single copy distribution agents which contained a provision which stated that "Any subsequent modification of this Agreement must be in writing signed by the party against whom such modification is sought to be established." Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## CLASS ACTION ALLEGATIONS

22. Defendant admits that Plaintiff purports to bring this action as a class action. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT I

29. Defendant incorporates by reference, as if fully re-written, Paragraphs 1-28 of this Answer.

30. Defendant admits that it has or had contracts with Plaintiff Smith and other single copy distribution agents to distribute *The Washington Post*. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

In response to the "WHEREFORE" paragraph immediately following Paragraph 34 of the Complaint, Defendant states that neither Plaintiff nor any putative class members are entitled to the remedies requested and further are not entitled to any remedy whatsoever.

## COUNT II

35. Defendant incorporates by reference, as if fully re-written, Paragraphs 1-34 of this Answer.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

In response to the "WHEREFORE" paragraph immediately following Paragraph 44 of the Complaint, Defendant states that neither Plaintiff nor any putative class members are entitled to the remedies requested and further are not entitled to any remedy whatsoever.

## COUNT III

45. Defendant incorporates by reference, as if fully re-written, Paragraphs 1-44 of this Answer.

46. Defendant admits that Plaintiff Smith and other single copy distribution agents rendered services to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Complaint and therefore denies those allegations.

47. Defendant admits that it accepted and received services performed by Plaintiff Smith and other single copy distribution agents, and that it knew that Smith and other single

copy distribution agents expected to be paid for such services.  Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits that it knew that Plaintiff Smith and other single copy distribution agents expected to be paid for the services they rendered.  Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

In response to the "WHEREFORE" paragraph immediately following Paragraph 49 of the Complaint, Defendant states that neither Plaintiff nor any putative class members are entitled to the remedies requested and further are not entitled to any remedy whatsoever.

## COUNT IV

50. Defendant incorporates by reference, as if fully re-written, Paragraphs 1-49 of this Answer.

51. Defendant admits that Plaintiff Smith requests the remedy requested in Paragraph 51 but denies that Plaintiff Smith or any putative class members are entitled to that remedy or any remedy whatsoever.

52. Defendant admits that Plaintiff Smith requests the relief requested in Paragraph 52 but denies that Plaintiff Smith or any putative class members are entitled to that relief or any relief whatsoever.

53. Defendant admits that Plaintiff Smith requests the relief requested in Paragraph 53 but denies that Plaintiff Smith or any putative class members are entitled to that relief or any relief whatsoever.

In response to the "WHEREFORE" paragraph immediately following Paragraph 53 of the Complaint, Defendant states that neither Plaintiff nor any putative class members are entitled to the remedies requested and further are not entitled to any remedy whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Some or all of the claims alleged in the Complaint fail to state a claim upon which relief can be granted.

2. Some or all of the claims alleged in the Complaint are barred by the applicable statute(s) of limitations.

3. Plaintiff's own acts and omissions proximately caused and/or contributed to any loss, injury, damage or detriment Plaintiff sustained.

4. Plaintiff's claims are barred by the doctrine of unclean hands and/or estopped by reason of the conduct and actions of Plaintiff.

5. Plaintiff's implied contract claim is barred by the Statute of Frauds.

6. Plaintiff lacks standing as to any claim for injunctive relief alleged in the Complaint.

7. Plaintiff's claims for injunctive or other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

8. Some or all of Plaintiff's claims are barred by the doctrine of laches.

9. Plaintiff waived his right to some or all of the relief he seeks.

10. Defendant paid Plaintiff all of the money he was owed under its contracts with him.

11. There are no issues of law or fact common to the alleged class.

12. Plaintiff's claims are not typical of the alleged class.

13. Plaintiff cannot adequately represent the interests of any putative class members.

Dated:  October 2, 2013                              /s/ Alison B. Marshall
                                                    Alison B. Marshall (DC Bar No. 426168)
                                                    Thomas R. Chiavetta (DC Bar No. 985370)
                                                    JONES DAY
                                                    51 Louisiana Avenue, N.W.
                                                    Washington, D.C. 20001
                                                    (202) 879-3939 (telephone)
                                                    (202) 626-1700 (facsimile)
                                                    abmarshall@jonesday.com
                                                    tchiavetta@jonesday.com

                                                    Counsel for WP Company LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2013, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Amended Complaint.  Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt.

      /s/ Alison B. Marshall
Alison B. Marshall